IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| David E. De Priest,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN, OCWEN LOAN SERVICING, LLC, (OLS), RONALD M. FARIS, PRESIDENT, CEO Individually, RICHARD L. COOPERSTEIN, CFO Individually, WEISSMAN, NOWACK, CURRY & WILCO P.C., TONIA C. SELLERS, Individually, MANAGING PARTNER, U.S. BANK NATIONAL ASSOCIATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS THROUGH CERTICATES, SERIES 2003-BC10,<br><br>    Defendant. | Civil Action File No.<br>1:15-cv-02297-TCB-GGB |

## MOTION TO STAY PRE-TRIAL DEADLINES AND DISCOVERY WITH MEMORANDUM OF LAW IN SUPPORT

Defendants Ocwen Loan Servicing, LLC ("Ocwen," improperly sued as "Ocwen, Ocwen Loan Servicing, LLC ('OLS')"), Ronald M. Faris ("Mr. Faris"), Richard L. Cooperstein ("Mr. Cooperstein"), and U.S. Bank National Association, Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2003-BC10 ("U.S. Bank") (collectively, the "Ocwen Defendants") by and through their undersigned counsel, respectfully move the Court for an Order staying pretrial deadlines and any further discovery activity set forth in the Federal

1

Rules of Civil Procedure and the Local Rules of this Court, pending a ruling on Ocwen's outstanding Motion to Dismiss Plaintiff David E. De Claim for Wrongful Non-Judicial Foreclosure, Declaratory Relief and Judgment, Filing of Frauduant [sic] Assignment and Title Fraud/Slander of Title, Violation of Fiduciary Duty of Good Faith and Fair Dealing, Violation of Revocation of Power of Attorney, Violation of UCC-1 and Addendum, Violation of Common Law Copy Right [sic], Claim for Litigation Fees and Costs and Punitive [sic] Damages ("Complaint," [DE1-1 at 2]).

## PROCEDURAL HISTORY

On or about June 1, 2015, Plaintiff filed his Complaint in the Superior Court of Rockdale County, Georgia. On June 26, 2015, the Ocwen Defendants, with consent from the remaining defendants, removed the matter to this Court. On July 2, 2015, the Ocwen Defendants filed a motion to dismiss Plaintiff's Complaint.

## ARGUMENT AND CITATION OF AUTHORITY

"Matters pertaining to discovery are committed to the sound discretion of the district court." *Redford v. Gwinnett County Judicial Circuit*, 350 Fed. Appx. 341, 346, 2009 U.S. App. LEXIS 21368, *9 (11th Cir. 2009). "Upon motion by a party, and for good cause shown, a district court can limit discovery and 'make any order which justice requires to protect a party or person from annoyance, embarrassment,

2

oppression, or undue burden or expense'." *Moore v. Potter*, 141 Fed. Appx. 803, 807, 2005 U.S. App. LEXIS 14070, *10 (11th Cir. 2005).

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Id.*, quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The Ocwen Defendants' Motion to Dismiss seeks a ruling that Plaintiff's Complaint fails to state a single claim upon which relief may be granted. Since this matter may be fully resolved upon this Court's ruling on those motions, continuing discovery at this time would be pointless. The time and resources that the parties would expend in conducting discovery and in meeting the requirements for the pretrial deadlines would have been spent unnecessarily if the Court finds that the Complaint should be dismissed. *See Chudasama*, 123 F.3d at 1367-68 (enumerating the costs of discovery to the parties and the court). Furthermore, any delay caused by staying discovery in this matter will be short-lived.

Therefore, the Ocwen Defendants request that the Court temporarily stay all deadlines required under the Federal Rules of Civil Procedure and the Local Rules

of this Court, and stay any further discovery activity pending resolution of the Ocwen Defendants' Motion to Dismiss.

Respectfully submitted this 2nd day of July, 2015.

/s/ Amy L. Hanna
Jonathan E. Green
Georgia Bar No. 307053
Amy L. Hanna
Georgia Bar No. 509069
*Attorneys for Ocwen Loan Servicing, LLC*

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C.**
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326
Phone: (404) 577-6000
Facsimile: (404) 221-6501
jegreen@bakerdonelson.com
ahanna@bakerdonelson.com

## CERTIFICATION OF FONT

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1(B), NDGa.

This 2nd day of July, 2015.

/s/ Amy L. Hanna
Jonathan E. Green
Georgia Bar No. 307053
Amy L. Hanna
Georgia Bar No. 509069

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C.**
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326
Phone: (404) 577-6000
Facsimile: (404) 221-6501
jegreen@bakerdonelson.com
ahanna@bakerdonelson.com

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing **MOTION TO STAY PRE-TRIAL DEADLINES AND DISCOVERY WITH MEMORANDUM OF LAW IN SUPPORT** via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send e-mail notification to all counsel of record including the following:

Brent Wardrop
Matthew Totten
WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center
4th Floor
3500 Lenox Road
Atlanta, GA 30326

and certify service of the foregoing by U.S. Mail to the following:

David Eugene De Priest
2274 Salem Road, Suite 106-166
Conyers, GA 30013

This 2nd day of July, 2015.

/s/Amy L. Hanna
Amy L. Hanna
Georgia Bar No. 509069
*Attorney for Ocwen Loan Servicing, LLC*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Monarch Plaza, Suite 1600
3414 Peachtree Rd., NE
Atlanta, Georgia 30326
Phone: 404-577-6000
Facsimile: 404-221-6501
Email: ahanna@bakerdonelson.com