IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| David E. De Priest,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN, OCWEN LOAN SERVICING, LLC, (OLS), RONALD M. FARIS, PRESIDENT, CEO Individually, RICHARD L. COOPERSTEIN, CFO Individually, WEISSMAN, NOWACK, CURRY & WILCO P.C., TONIA C. SELLERS, Individually, MANAGING PARTNER, U.S. BANK NATIONAL ASSOCIATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS THROUGH CERTICATES, SERIES 2003-BC10,<br><br>    Defendant. | Civil Action File<br><br>No. 1:15-cv-02297-TCB-GGB |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO AMEND COMPLAINT</u>**

Defendants, WEISSMAN, NOWACK, CURRY & WILCO P.C. ("WNCW") and TONIA C. SELLERS ("Sellers") (collectively, the "Defendants"), by and through their undersigned attorneys, hereby file their Response in Opposition to Plaintiff's Motion to Amend Complaint (the "Motion"), and in support thereof state as follows:

## BACKGROUND

On or about June 1, 2015, Plaintiff, DAVID E. DE PRIEST ("Plaintiff") filed a Complaint against the various Defendants in the Rockdale County Superior Court.  The underlying Complaint is long on accusations but short on facts.  It names as Defendants both WNCW and Sellers, though the factual allegations against them are sparse, confusing, and without merit.

Now, Plaintiff appears to want to amend his Complaint apparently to seek relief against even more parties – specifically, RIAH CAPITAL MANAGEMENT, LLC, and NED BLUMENTHAL (hereinafter collectively the "New Defendants"). (Dkt. 9)  The Motion does not provide any factual basis for adding the new defendants.  In fact, there is no basis to add the proposed New Defendants, and adding them would only further confuse these proceedings.  Additionally, Plaintiff has failed to comply with Federal Rule of Civil Procedure 15.

For these reasons, Plaintiff's Motion should be denied.

## ARGUMENT AND CITATION TO AUTHORITY

**A.   Plaintiff Failed to Comply with Rule 15.**

Federal Rule of Civil Procedure 15 governs amending Complaints before trial. It unequivocally states that a party may amend its pleading once as a matter of course "within: (A) 21 days after serving it, or (B) if the pleading is one to

which a responsive pleading is required, 21 days after service of a responsible pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FRCP 21(a)(1). The rule continues to state that "**[i]n all other cases**, a party may amend its pleading only with the opposing party's written consent or the court's leave…." FRCP 21(a)(2) (emphasis supplied).

The timing of such a motion is a critical requirement that cannot be ignored. In fact, many federal courts reject outright an untimely motion to amend. *See*, *e.g.*, *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300 (10th Cir. 2005)(holding that untimeliness alone is an adequate reason to refuse leave to amend a complaint); *Swam v. U.S.*, 327 F.2d 431 (7th Cir. 1964)(holding where a motion for leave to amend complaint was not timely filed, it was a nullity and judge could dispose of it by denying it sua sponte); *Emerson v. Wembley USA Inc.*, 433 F.Supp.2d (D. Colo 2006) (stating that untimeliness alone is a sufficient reason to deny leave to amend, especially where the party filing the motion has no adequate explanation).

Here, Plaintiff's Complaint was removed to this Court on June 26, 2015 (Dkt. 1). All of the named Defendants separately filed Motions to Dismiss the Complaint on July 2, 2015 (Dkt. 2, 4). As such, Rule 15 requires that Plaintiff had 21 days after service of those Motions to Dismiss to amend his Complaint as a

matter of course. He failed to amend in that time period. Instead, on or about August 14, 2015, Plaintiff filed the instant Motion.

The amendment is untimely, and should be denied outright per prevailing federal law. *See*, *e.g.*, *Duncan*, *Swam*, *Emerson*, *supra*. This is especially the case since the Motion contains no facts, reasons, allegations, or statements whatsoever concerning the bases for adding the proposed New Defendants.

**B.    Plaintiff Has Failed to Show Any Bases for Joining the New Defendants.**

In addition to its procedural shortcomings, the Motion contains no factual bases whatsoever for adding the New Defendants – let alone any allegations against them.

While unclear, it appears that Plaintiff might base the addition of the proposed New Defendants on Georgia Secretary of State web site searches that show RIAH CAPITAL MANAGEMENT, LLC, shares/shared an address with WNCW. It further appears Plaintiff wants to add NED BLUMENTHAL based upon the fact that Mr. Blumenthal is/was a Registered Agent for both RIAH CAPITAL MANAGEMENT, LLC, and WNCW. These matters alone, however, are insufficient bases to add the proposed New Defendants.

Moreover, none of the foreclosure-related documents Plaintiff references or

attaches to his Complaint even reference these proposed New Defendants.[1] WNCW is a law firm that, among other things, represents clients conducting foreclosures. As can be shown, neither of the proposed New Defendants are involved with WNCW's foreclosure practice.[2] They are strangers to these proceedings and the underlying facts, and adding them to an already confusing Complaint will only serve to further confuse the issues and strain the judicial economy and resources of this matter. *See*, *e.g.*, *Sly Magazine, LLC v. Weider Publications, L.L.C.*, 241 F.R.D 527 (S.D.N.Y. 2007). For all of these reasons, Defendants request this Court to deny the Motion.

## CONCLUSION

WNCW and SELLERS respectfully request that this Court deny Plaintiff's Motion for Leave to Amend. The Motion is untimely, fails to comply with Rule 15, provides no factual bases for adding the proposed New Defendants, and will only serve to further confuse the issues in this proceeding.

Respectfully submitted this September 2, 2015.

/s/ C. Brent Wardrop
C. Brent Wardrop

---

[1] It is worth noting that Plaintiff has already filed Motions for Summary Judgment in this case. (Dkt. 5, 6). It is curious that he believes judgment should be granted before the parties he believes should be added are indeed added.

[2] Mr. Blumenthal is an attorney with WNCW.

                    Georgia Bar No. 553733
                    Matthew F. Totten
                    Georgia Bar No. 798589

                    *Attorneys for Weissman, Nowack, Curry & Wilco P.C. and Tonia C. Sellers, Individually, Managing Partner*

**WEISSMAN, NOWACK, CURRY & WILCO, P.C.**
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Phone: (404) 926-4500
Fax: (404)-926-4600
Email: brentw@wncwlaw.com
Email: matthewt@wncwlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| David E. De Priest,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN, OCWEN LOAN SERVICING, LLC, (OLS), RONALD M. FARIS, PRESIDENT, CEO Individually, RICHARD L. COOPERSTEIN, CFO Individually, WEISSMAN, NOWACK, CURRY & WILCO P.C., TONIA C. SELLERS, Individually, MANAGING PARTNER, U.S. BANK NATIONAL ASSOCIATION, STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS THROUGH CERTICATES, SERIES 2003-BC10,<br><br>    Defendant. | Civil Action File No.<br>No. 1:15-cv-02297-TCB-GGB |

## **CERTIFICATE OF COMPLIANCE**

Counsel certifies that this filing is prepared with Times New Roman 14-point font in compliance with Local Rule 5.1.

This 2nd day of September, 2015.

**/s/ C. Brent Wardrop**
C. Brent Wardrop
Georgia Bar No. 553733
Matthew F. Totten
Georgia Bar No. 798589

| | |
|---|---|
| **WEISSMAN, NOWACK, CURRY & WILCO, P.C.** | *Attorneys for Weissman, Nowack, Curry & Wilco P.C. and Tonia C. Sellers,* |

One Alliance Center, 4th Floor      *Individually, Managing Partner*
3500 Lenox Road
Atlanta, Georgia 30326

Phone:  (404) 926-4500 / Fax: -4600
Email:  brentw@wncwlaw.com
Email:  matthewt@wncwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2015, I electronically filed the foregoing document with the Court using the CM/ECF system which will automatically send E-mail notification of such filing to the following attorneys of record:

Amy L. Hanna
Jonathan E. Green
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
Suite 1600, Monarch Plaza
3414 Peachtree Rd., NE
Atlanta, GA 30325

This further certifies that on September 2, 2015, I placed a copy of the foregoing document to the following recipients in the U.S. Mail, first class postage pre-paid:

David Eugene De Priest
2274 Salem Road Suite 106-166
Conyers, GA 30013

This 2nd day of September, 2015.

| | |
|---|---|
| | /s/ C. Brent Wardrop |
| **WEISSMAN, NOWACK, CURRY &** | C. Brent Wardrop |
| **WILCO, P.C.** | Georgia Bar No. 553733 |
| One Alliance Center, 4th Floor | Matthew F. Totten |
| 3500 Lenox Road | Georgia Bar No. 798589 |
| Atlanta, Georgia 30326 | |
| Phone: (404) 926-4500 | *Attorneys for Weissman, Nowack, Curry* |
| Fax: (404)-926-4600 | *& Wilco P.C. and Tonia C. Sellers,* |
| Email: brentw@wncwlaw.com | *Individually, Managing Partner* |
| Email: matthewt@wncwlaw.com | |